UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SHEET METAL WORKERS'              )
NATIONAL PENSION FUND, <u>et</u> <u>al</u>.,  )
                                  )
    Plaintiffs,              )
                                  )
    v.                       )  Civil Action No. 1:10cv158
                                  )
WESTWAY CONSTRUCTION, Inc.,       )
                                  )
    Defendant.               )

REPORT AND RECOMMENDATION

This matter came before the Court for a hearing on August
27, 2010 on plaintiffs' Motion for Entry of Default Judgment
against defendant Westway Construction, Inc. ("Company" or
"defendant").

I. INTRODUCTION

**A. Background**

Plaintiffs Sheet Metal Workers' National Pension Fund
("NPF"), International Training Institute for the Sheet Metal and
Air Conditioning Industry ("ITI"), Sheet Metal Occupational
Health Institute Trust Fund ("SMOHIT") and National Energy
Management Institute Committee ("NEMIC")(collectively,
"plaintiffs"), employee benefit trust funds, multi-employer plans
and employee benefit plans established and maintained under 29
U.S.C. § 186(c) and 29 U.S.C. § 1002(37), filed this action under
Sections 502(g)(2) and 515 of the Employee Retirement Income

Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which govern suits among parties to enforce provisions of their collective bargaining agreements. Plaintiffs seek damages, injunctive relief, and attorneys' fees and costs pursuant to ERISA, LMRA, and the collective bargaining agreement with the Sheet Metal Workers' International Association, Local Union No. 105, to which defendant was a party. Defendant also agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreement") establishing the trust funds. (See Compl. ¶¶ 14-16; Shaw Declaration ¶ 3 ("Shaw Decl.").)[1]

### B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 185(a), 1132 and 1145. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce may be

---

[1] The collective bargaining agreement and Trust Agreement are hereinafter collectively referred to as "the Agreements."

brought in any district court having jurisdiction of the parties,

without respect to the amount in controversy or without regard to

the citizenship of the parties.  29 U.S.C. §§ 185(a).  The

plaintiff funds bringing this action maintain their principal

places of business and are administered in this district.

(Compl. ¶ 12.)  This Court has personal jurisdiction over

defendant under the decision in <u>Board of Trustees, Sheet Metal</u>

<u>Workers Nat'l Pens. Fund v. McD Metals, Inc.</u>, 964 F. Supp. 1040,

1045 (E.D. Va. 1997).  Defendant does business with plaintiff

funds that is sufficient to create personal jurisdiction over

defendant in this district and a substantial part of the events

or omissions giving rise to the claim occurred in this district.

## C. Service of Process

Process was served on defendant by hand-delivering copies of

the Summons and Complaint to Anna Romero, office manager of

defendant, at 19528 Ventura Boulevard, Tarzana, CA 91356 on April

11, 2010.  (<u>See</u> Summons Returned Executed (Dkt. No. 4).)

## D. Grounds for Default

Defendant has failed to appear, answer, or file any other

responsive pleadings in this matter.  On June 4, 2010, plaintiffs

filed a Request for Entry of Default with the Clerk's office.

(Dkt. No. 7).  The Clerk entered default as to defendant on June

7, 2010.  (Dkt. No. 8).  On August 13, 2010, plaintiffs filed a

Motion for Default Judgment and the hearing was conducted on

August 27,2010.  (Dkt. Nos. 10, 13.)  After the defendant failed

to appear at the August 27 hearing, the undersigned Magistrate

Judge took the case under advisement to issue this Report and

Recommendation.

## II.  FACTUAL FINDINGS

Based on the Complaint; the Declaration of Walter Shaw, the

Billing Manager of NPF ("Shaw Decl."); the Declaration of Judith

Sznyter, Esquire, plaintiffs' counsel ("Sznyter Decl."); and the

documents submitted in proof of damages, the undersigned

Magistrate Judge makes the following findings of fact.[2]

Plaintiffs,[3] who are employee benefit plans or trust funds,

bring this action under Sections 502(g)(2) and 515 of the

Employee Retirement Income Security Act of 1974 ("ERISA"), as

amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and under Section 301

of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

(Mot. for Default J. ¶ 7.)  Plaintiffs seek to collect unpaid

monthly benefit plan contributions, interest and liquidated

damages on unpaid and delinquent contributions, and attorneys'

fees and costs due under the terms of the Collective Bargaining

---

[2] Documents submitted in proof of damages include
plaintiffs' Motion for Default Judgment ("Mot. for Default J.")
and Memorandum in Support of Motion for Default Judgment ("Mem.
Supp. Default J."), which includes several exhibits.

[3] As stated above, plaintiffs include Sheet Metal Workers'
National Pension Fund ("NPF"), International Training Institute
for the Sheet Metal and Air Conditioning Industry ("ITI"),
National Energy Management Institute Committee ("NEMIC"), and
Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT")
(collectively, "National Funds" or "plaintiffs" or "plaintiff
funds").

Agreements ("Agreements"), Agreements and Declarations of Trust, and the Rules and Regulations for the Funds governing the relationship between Superior and the plaintiffs. The Agreements were approved on plaintiffs' behalf by Sheet Metal Workers' International Association Local Union No. 105. (Shaw Decl. ¶ 3.)

Plaintiffs seek an order holding defendant liable and requiring defendant: (1) to file remittance reports and make contributions due the National Funds for the months of June 2009 through November 2009;(2) to pay all contractual late charges and all interest and liquidated damages on the unpaid contributions; and (3) to pay plaintiffs' reasonable attorneys' fees and costs in bringing this action, as well as any additional fees and costs incurred in the execution of any judgment awarded. (Mem. Supp. Default J. 2-13; Shaw Decl. ¶ 7; Sznyter Decl. ¶¶ 1-4.)

In addition, plaintiffs seek injunctive relief enjoining the defendant and all persons acting on its behalf from refusing to file complete, proper, and timely remittance reports with accompanying contributions for all periods for which defendant is obligated to do so under its current and future collective bargaining agreements. (Mem. Supp. Default J. 3; Shaw Decl. ¶ 8.)

The Agreements require defendant to submit monthly contributions to the plaintiffs on behalf of all covered employees. (Mem. Supp. Default J. 8-9; Shaw Decl. ¶ 3.) Contributions must be made for each hour for which employees

worked, each hour for which employees were paid, and for the wages and fringe benefits due at the contribution rate specified in the Agreements. (Mot. for Default J. ¶ 10; Mem. Supp. Default J. 2-4; Compl. ¶ 17). In addition to monthly contributions, the Agreements require defendant to submit monthly remittance reports on which the defendant is to list, <u>inter</u> <u>alia</u>, their employees and the hours they worked or for which they received pay that month, and the wages and fringe benefits due to or on behalf of covered employees. (Mot. for Default J. ¶ 10; Mem. Supp. Default J. 2; Compl. ¶¶ 17-19.) The completed remittance reports and accompanying contributions are due the Funds by the twentieth (20th) day of the month following the month in which covered employment occurred ("due date"). (Compl. ¶ 18).

In violation of the Agreements, defendant has failed to submit timely monthly contributions to the National Funds for the for the period June 2009 through November 2009. (Shaw Decl. ¶ 6.) Pursuant to the Agreements and under § 502(g)(2) of ERISA,[4] plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid;[5] (3) liquidated damages for contributions which

_____

[4] 29 U.S.C. § 1132(g)(2).

[5] For the National Funds, interest is calculated at the rate prescribed under the National Funds' governing documents, eight and one-half percent (8.5%), as of January 1, 2007. (<u>See</u> Mem. Supp. Default J. 9-10.)

were paid late or remain unpaid;[6] and (4) reasonable attorneys'
fees and the costs of this action.

The amounts due in unpaid and delinquent monthly
contributions, accrued interest on unpaid and delinquent
contributions calculated through November, 2009, and liquidated
damages on unpaid and delinquent contributions for each of the
Funds are summarized as follows:

| Fund | Payments Due | Interest | Liq. Dam. | Total |
|---|---|---|---|---|
| NPF | $23,911.00 | $1,863.11 | $4,956.17 | $36040.85 |
| ITI | 1,088.79 | 98.17 | 247.89 | 1434.85 |
| NEMIC | 181.45 | 16.35 | 41.24 | 239.04 |
| SMOHIT | 272.16 | 24.53 | 61.91 | 358.60 |
| TOTAL | $25,453.40 | $2,002.16 | $5,307.21 | $38,073.34 |

(Mem. Supp. Default J. 26; Shaw Decl. ¶ 7.)

Finally, plaintiffs seek $5,310.57 in attorneys' fees and
costs. In support of this request, plaintiffs submitted the
Declaration of Judith Sznyter, Esquire (Ex. 5 to Mem. Supp.
Default J.) and a time and expense report from Jennings Sigmond
P.C. (Ex. 6). The undersigned Magistrate Judge finds the
requested costs and fees to be reasonable.

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of
judgment in favor of plaintiffs having concluded that plaintiffs,
the Sheet Metal Workers' National Pension Fund, the International

---

[6] For the National Funds, liquidated damages are assessed in
an amount equal to the greater of interest on the delinquent
contributions or twenty percent (20%) of the delinquent
contributions. (Compl. ¶ 20(b).)

Training Institute for the Sheet Metal and Air Conditioning Industry, the National Energy Management Institute Committee, and the Sheet Metal Occupational Health Institute Trust Fund, collectively, are entitled to recover the following: $24,911.00 in unpaid contributions; $1,961.28 in accrued interest through August 15, 2010; $5,204.06 in liquidated damages; and $5,310.57 in reasonable attorneys' fees and costs. Thus, the recommended award total is $37,475.70.

The undersigned Magistrate Judge further recommends granting the following injunctive relief: (1) that defendant be ordered to file remittance reports, if not already filed, and make payments due, within twenty (20) days of the date of this Order, for the period June 2009 through November 2009 for the National Funds, and for all other periods for which it is obligated until the expiration of the current collective bargaining agreement and extensions thereto and (2) that defendant, its officers, agents, servants, employees, attorneys, and all persons acting on their behalf or in conjunction with them be restrained and enjoined from refusing to file complete, proper, and timely remittance reports with accompanying contributions for all periods for which the defendant is obligated to do so under its current and future collective bargaining agreements.

If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys'

fees and costs in addition to those set out in this Report and
Recommendation.

### IV. <u>NOTICE</u>

The parties are advised that exceptions to this Report and
Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the
Federal Rules of Civil Procedure, must be filed within ten (10)
days of its service.  A failure to object to this Report and
Recommendation waives appellate review of any judgment based on
it.

The Clerk is directed to send a copy of this Report and
Recommendation to all counsel of record and to defendant at the
following address:

    Westway Construction, Inc.
    c/o Anna Romero
    19528 Ventura Blvd.
    Tarzana, CA 91356

                                              /s/
                              _____
                              Theresa Carroll Buchanan
                              United States Magistrate Judge

September 3  , 2010
Alexandria, Virginia